**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**EBONY S.**[1],

                    **Plaintiff,**

**v.**

                                                  **20-CV-654-HKS**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**

---

## DECISION AND ORDER

Plaintiff, Ebony S., brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her application for social security income ("SSI") under Title XVI of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by the undersigned pursuant to 28 U.S.C. § 636(c). Dkt. No. 11.

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 8, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8) is GRANTED, and Defendant's Motion for Judgment on the Pleadings (Dkt. No. 9) is DENIED.

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Decision and Order will identify plaintiff by first name and last initial.

1

## BACKGROUND

On February 14, 2017, Plaintiff protectively filed an application SSI with the Social Security Administration ("SSA") alleging disability beginning on April 17, 2014, due to: partial left knee replacement; chronic pain; inability to stand, walk, or sit for extended periods; herniated discs in back and neck; limited range of motion/physical activity; bursitis and swelling in hips; anxiety; and shooting pain.  Tr.[2] 154-159, 170.  On May 30, 2017, Plaintiff's claims were denied by the SSA and she requested review.  Tr. 65-94.  On December 17, 2018, Plaintiff appeared with her attorney and testified, along with a vocational expert ("VE") before Administrative Law Judge, David Neumann ("the ALJ").  Tr. 30-64.  On January 30, 2019, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act.  Tr. 12-29.  Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on April 2, 2020. Tr. 1-6.  Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision.  Dkt. No. 1.

## LEGAL STANDARD

I.   **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by

---

[2] References to "Tr." are to the administrative record in this matter.  Dkt. No. 5.

substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

I. **The ALJ's Decision**

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 14, 2017, the alleged onset date.  Tr. 17.  At step two, the ALJ found Plaintiff has the following severe impairments:  degenerative disc disease of the cervical and lumbar spines; obesity; and asthma.  *Id.*  The ALJ also concluded that Plaintiff's medically determinable impairment of adjustment disorder is non severe.  *Id.*  At step three, the ALJ concluded that Plaintiff's impairments, alone or in combination, did not meet or medically equal any listings impairment.  Tr. 18-19.

Next, the ALJ determined Plaintiff retained the RFC to perform a limited range of light work.[3] Tr. 19-23.  Specifically, Plaintiff is able to lift, carry, push, and pull ten pounds frequently and twenty pounds occasionally.  Tr. 19.  She can only occasionally balance, stoop, kneel, crouch, and crawl or climb ramps and stairs.  *Id.*  Plaintiff should avoid exposure to concentrated pollutants and temperature extremes.  *Id.*  Lastly, the ALJ concluded Plaintiff can sit/stand and walk six hours each in an eight-hour workday with normal work breaks.  *Id.*

At step four, the ALJ concluded Plaintiff is unable to perform her past relevant work as a telephone operator.  Tr. 23.  At step five, the ALJ considered

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R § 404.1567(b).

5

Plaintiff's age (35 on alleged disability date), education, work experience, RFC, and relied on the VE's testimony in concluding that there are jobs existing in significant numbers in the national economy that Plaintiff can perform.  Tr. 23-24.  The ALJ identified the following jobs that Plaintiff could perform: sales attendant, office helper, and mail clerk.  Tr. 24.  Accordingly, the ALJ determined that Plaintiff was not disabled under the Act from January 31, 2014 through March 14, 2019.  Tr. 25.

II.     **Analysis**

Plaintiff argues the ALJ erred in evaluating the medical evidence and in discounting her subjective complaints.  Dkt. No. 8 at 11-12.  The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error.  Dkt. No. 9 at 12.  This Court agrees with the Plaintiff that the ALJ erred in evaluating the medical evidence and that remand is warranted for further proceedings as described herein.

Plaintiff argues the ALJ erred in relying on Dr. Liu's medical opinion in support of the RFC determination because the doctor did not review her objective medical imaging in evaluating her physical functioning and she underwent back surgery subsequent to his opinion, rendering the opinion stale.  Dkt. No. 8 at 12.

Dr. Liu examined Plaintiff on May 23, 2017, diagnosing her with whole body pain and a history of asthma.  Tr. 570.  Dr. Liu opined Plaintiff has moderate limitation for prolonged walking, bending, kneeling, and overhead reaching; and advised

6

that she avoid dust and other irritating factors to limit asthma attacks.  Tr. 571.   Dr. Liu observed Plaintiff's slow gait and inability to squat or walk on heels and toes due to low back pain.  Tr. 569.  The doctor also noted Plaintiff used no assistive devices, required no help changing for the exam or getting on and off the exam table, and was able to rise from her chair without difficulty.  *Id.*  Plaintiff demonstrated restricted movement of the cervical and lumbar spines; positive straight leg raise test at ten degrees bilaterally; limited range of motion of the shoulders and knees; and full range of motion of the elbows, forearms, wrists, hips, and ankles.  Tr. 570.  Dr. Liu noted Plaintiff retained 5/5 strength in her upper and lower extremities and 5/5 grip strength bilaterally.  *Id.*

The ALJ accorded Dr. Liu's opinion "substantial weight," as it was based on an objective examination of Plaintiff, but also noted that the opinion was performed prior to Plaintiff's back surgery.  Tr. 23.  Here, the ALJ explained that he found the doctor's opinion was consistent with the medical evidence of record at the time it was rendered.  *Id.*   The ALJ recounted Plaintiff's reports upon examination with the doctor, which Dr. Liu had recorded.  Tr. 22.  For example, the ALJ noted Plaintiff reported she could lift ten pounds; could walk half a block; needed to change positions every five minutes while sitting or standing; and experienced occasional numbness and tingling in her hands and toes.  *Id.*

The Second Circuit has "cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination."  *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013).  Dr. Liu's opinion is the only medical opinion evidence that

7

the ALJ discussed in support of the physical RFC.  Plaintiff argues that Dr. Liu's opinion cannot constitute substantial evidence in support of the RFC determination because she underwent back surgery subsequent to the opinion, and the opinion does not discuss any objective medical imaging.  Dkt. No. 8 at 14-15.  First, the Commissioner contends that Plaintiff's subsequent surgery does not render Dr. Liu's opinion stale where the record evidence does not establish that Plaintiff's condition significantly deteriorated. Dkt. No. 9 at 14. Here, the Commissioner cites to a single page from a treatment record authored by Cameron Huckell, M.D. ("Dr. C. Huckell") from September of 2018, indicating that the doctor reported Plaintiff's condition had improved and x-rays of her lumbar spine showed good consolidation of the bone graft.  Dkt. No. 9 at 8 (referencing Tr. 723).  However, upon closer review of the record cited, this Court notes that the Commissioner failed to address the doctor's conclusions from the very same treatment record, where on the final page of that record the doctor opined, again, that Plaintiff is temporarily disabled following her surgery in February of 2018.  Tr. 728.

      Here, this Court notes that Plaintiff also argues that the ALJ erred in failing to evaluate medical opinion evidence from her treating providers, Graham Huckell, M.D. ("Dr. G. Huckell") and Cameron Huckell, M.D. ("Dr. C. Huckell").  Dkt. No. 8 at 16.  Dr. G. Huckell and Dr. C. Huckell are members of Pinnacle Orthopedic and Spine Specialists, who treated Plaintiff prior to and throughout the relevant period for injuries stemming from three motor vehicle accidents from 2014, 2015, and 2017.  Tr. 248-294, 583-677, 721-729, 778-786.  For example, in May of 2018, Dr. C. Huckell assessed Plaintiff with an aggravating/activating event to her entire spine following her motor

8

vehicle accident on April 3, 2017.  Tr. 589.  Dr. Huckell diagnosed Plaintiff with cervical disc displacement (unspecified cervical region); sprain of ligaments of thoracic spine (initial encounter); other intervertebral disc displacement (lumbar region); and radiculopathy (lumbrosacral region).  Tr. 589-590.  The doctor authorized physical therapy for Plaintiff and opined Plaintiff has a temporary, total disability following her surgery in February of 2018.  Tr. 590.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial case evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2), 416.927(c)(2).[4]  In assessing less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008).  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).  The "*Burgess* factors" include:

> "(1) the frequen[cy], length, nature, and extent of treatment;
> (2) the amount of medical evidence supporting the opinion;
> (3) the consistency of the opinion with the remaining medical evidence; and
> (4) whether the physician is a specialist."

*Estrella*, 925 F.3d at 95-96 (citation omitted); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Unless a searching review of the record demonstrates that the ALJ provided "good reasons" for the amount of weight accorded to a treating physician's

---

[4] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  However, because Plaintiff's applications for SSI and DIB were filed before the new regulations and SSRs went into effect, this Court reviews the ALJ's decision pursuant to the earlier regulations and SSRs.

opinion; a reviewing court should remand where an ALJ fails to explicitly consider the *Burgess* factors in assessing less than "controlling weight" to a treating physician's opinion. *Id.* at 96.  Here, a searching review of the record reveals that the ALJ plainly did not address the opinions of Plaintiff's treating providers.  Although the ALJ parsed through the examination and treatment records of Dr. G. Huckell and Dr. C. Huckell, the ALJ omitted the portions of those records where the doctors' opined that Plaintiff was disabled due to her impairments.

Further frustrating this Court's review, the ALJ appears to have attempted to interpret raw medical data, in the form of objective medical imaging of Plaintiff's cervical, thoracic and lumbar spine.  Plaintiff argues that Dr. Liu did not consider the following objective imaging available at the time he rendered his opinion:  (1) a cervical MRI from June 2014 illustrating mild straightening of cervical lordosis with central herniations at C4-6 and C6-7 (Tr. 282); (2) an MRI of her left knee from July 2016 showing non-displaced oblique tears of the menisci with minimal joint effusion (Tr. 251). Furthermore, Plaintiff identifies additional objective imaging performed subsequent to the doctor's opinion, including: (1) an MRI of her cervical spine from June 2017, revealing a central bulge and annular tear at C2-3; central herniation at C5-6 and C6-7; and tears at C3-4 and C4-5; and (2) an MRI of her lumbar spine also from June 2017, illustrating straightening and a worsening herniation effacing the thecal sac and traversing the left S1 nerve root.  Tr. 780-782.  Since Dr. Liu did not assess the medical evidence and his opinion is the only medical opinion that the ALJ discussed and

credited in the decision, the ALJ improperly interpreted medical evidence in support of the physical RFC assessment.

Based on the foregoing, there is an insufficient basis in the record to determine whether Plaintiff had the RFC to perform "light work" with the limitations the ALJ assessed, since Dr. Liu, did not review the cervical, lumbar, and thoracic MRI's that existed when his opinion was rendered. Also, the ALJ did not address the opinion of Dr. C. Huckell, who reviewed updated MRI findings and opined Plaintiff was fully temporarily disabled. *See Alessi v. Colvin*, 2015 WL 8481883 at *5 (E.D.N.Y. Dec. 9, 2015) (the ALJ erred by giving controlling weight to the consultative examiner who did not review objective medical imaging (MRIs) that showed abnormalities); *see also Scott v. Comm'r of Soc. Sec.*, 2017 WL 1458773, at *3 (S.D.N.Y. Apr. 24, 2017) (remanding where only medical opinion of record was accorded significant weight even though there was no assessment of plaintiff's limitations in light of a CT scan).

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. 2013).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision."  *Id.*  However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings."  *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (internal citation and quotation marks omitted).  As

11

a result, an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.

Because Dr. Liu's opinion was the only medical opinion upon which the ALJ relied in determining Plaintiff's physical RFC, and it was stale, there is a gap in the record necessitating remand.  *See Smith v. Saul*, 2019 WL 2521188, at *2 (W.D.N.Y. June 19, 2019) ("Decisions in this district have consistently held that an ALJ's RFC determination without a medical opinion backing it is, in most instances, not an RFC supported by substantial evidence.")  Accordingly, on remand, in light of the objective medical imaging in the record, the ALJ is directed to recontact Plaintiff's treating source, order a consultative examination, or have a medical expert testify at the hearing regarding Plaintiff's physical functional capabilities given her degenerative disc disease of the cervical and lumbar spine.
.

## CONCLUSION

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8) is GRANTED.  The Commissioner's Motion for Judgment on the Pleadings (Dkt. No. 9) is DENIED.  The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED:     Buffalo, New York
           September 28, 2021

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**
